UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Marcus A. Nussbaum, Esq. (MN 9581)
P.O. Box 245599
Brooklyn, NY 11224
888.426.4370
marcus.nussbaum@gmail.com
*Attorneys for Defendants*
*BG Bar Inc. d/b/a Mehanata*
*Bulgarian Bar, Alexander*
*Dimitrov, and Tania Dimcheva*

| | |
|---|---|
| KETEVAN (KETI) CHICHINADZE,<br><br>*Plaintiff,*<br><br>- *vs.* -<br><br>BG BAR INC. d/b/a MEHANATA BULGARIAN BAR, ALEXANDER DIMITROV, and TANIA DIMCHEVA,<br><br>*Defendants*. | CIVIL ACTION NO.<br><br>1:18-cv-08069-KPF |

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Marcus A. Nussbaum, Esq.
Attorney for Defendants

## PRELIMINARY STATEMENT

Defendants BG BAR INC. d/b/a MEHANATA BULGARIAN BAR, ALEXANDER DIMITROV, and TANIA DIMCHEVA (collectively, "Defendants"), by their attorney Marcus A. Nussbaum, respectfully submit this Memorandum of Law in opposition to the Motion for Partial Summary Judgment of plaintiff KETEVAN (KETI) CHICHINADZE ("plaintiff") pursuant to Fed. R. Civ. P. 56.

Plaintiff filed her motion for partial summary judgment in this wage and hour case and claims that her former employer, BG BAR INC. d/b/a MEHANATA BULGARIAN BAR ("Mehanata"), failed to pay her the applicable minimum wage. She seeks Summary Judgment on liability pursuant to the Fair Labor Standards Act (FLSA) and various provisions of the New York Labor Law ("NYLL"). As set forth below, plaintiff's motion must be denied at this juncture inasmuch as the granting of plaintiff's motion would require this Honorable Court to ignore a fundamental material question of fact that goes to the heart of plaintiff's case, and which is, to wit: how much Mehanata paid plaintiff.

While the parties may agree on the "minimum" number of hours that plaintiff worked during each of the years she worked as a tipped employee (a bartender) under the employ of Mehanata, totaling an approximate period of four (4) years (where she never once took issue with her compensation), plaintiff's compensation as explained below was always above the minimum wage. Plaintiff's motion is based upon a myopic reading of the transcript of defendant Alexander Dimitrov, the owner of Mehanata and plaintiff's employer, where his testimony regarding plaintiff's house pay and tips are taken out of context. As argued by plaintiff in her instant motion, her pay was limited to a "house pay" between $3.00 and $3.50 an hour plus tips, and plaintiff argues that defendants are not entitled to a "tip credit" under the New York Labor

1

Law for the balance of plaintiff's wages to be paid from the tips which the bartenders collected at the end of each night.

If true, this would establish a violation of the wage and hour laws. But this claim is not true. Mehanata paid plaintiff at least the applicable minimum wage for all of the hours that she worked in the form of hourly wages paid in cash, in addition to the "house pay", and this was paid separate and apart from plaintiff's tips. This critical and disputed fact precludes Summary Judgment.

Simply put, there is no basis for the Court to grant Summary Judgment in favor of plaintiff at this juncture.

## SUMMARY OF FACTS AND PROCEDURAL HISTORY

As the Court is already aware, Mehanata is a Bulgarian Bar located on the lower east side of Manhattan. Plaintiff worked at Mehanata as a bartender between late 2014 through approximately August of 2018. During this entire time period, the bar was normally open (with rare exceptions) for three nights a week (to wit: Thursday, Friday, and Saturday nights) and plaintiff worked eight (8) hours per night (to wit: between 8:00 p.m. and 4:00 a.m.). The bar always closed at 4:00 a.m. While the parties dispute the total number of hours which plaintiff worked (and she claims she worked more than eight hours a night) there is no dispute as to the "minimum" number of hours that plaintiff worked (and plaintiff's motion for violations of the FLSA and NYLL is made on the "minimum" numbers of hour worked, together with excerpts from the deposition testimony of Mr. Dimitrov).

Mr. Alex Dimitrov is the owner of Mehanata and plaintiff's employer and is also engaged in bookkeeping for Mehanata. At all times, plaintiff was paid the applicable minimum wage for the hours that she worked each week, which included a "house pay" that ranged between $3.00 and $3.50 per hour plus cash wages to cover the balance between the house pay and the

2

applicable minimum wage each year between 2014 and 2018. The cash wage was given to plaintiff by Mr. Dimitrov each week, and in addition to these monies, plaintiff was also compensated with tips which she shared with the other bartenders each night.

Mehanata also maintains posters in English and Spanish that explain the requirements of the wage-and-hour laws and the tip credit.

## LEGAL STANDARDS

Summary judgment is appropriate only where the admissible evidence and the pleadings demonstrate "no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56 (a); see also Johnson v. Killian, 680 F.3d 234, 236 (2d Cir. (per curiam). An issue of fact qualifies as genuine if the "evidence is such that a reasonable jury could return a judgment for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505 (1986); *accord* Roe v. City of Waterbury, 542 F.3d 31, 35 (2d Cir. 2008).

In ruling on a motion for summary judgment, all evidence must be viewed "in the light most favorable to the non-moving party," Overton v. N.Y. State Div. of Military & Naval Affairs, 373 F.3d 83, 89 (2d Cir. 2004), and the Court must "resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." Sec. Ins. Co. of Hartford v. Old Dominion Freight Line, Inc., 391 F.3d 77, 83 (2d Cir. 2004).

## ARGUMENT

**A. Mr. Dimitrov is Plaintiff's Employer Under the New York Labor Law and Fair Labor Standards Act**

Both Mehanata and Mr. Dimitrov are employers under both the Fair Labor Standards Act and the New York Labor Law. Section 203(d) of the Fair Labor Standards Act and sections 190(3) and 651(6) of the New York Labor Law provide broad definitions of an "employer" Courts in this Circuit have interpreted the term employer broadly, so Mr. Dimitrov was an employer of

plaintiff while she worked at Mehanata.

### B. Summary Judgment is Inappropriate Because There are Questions of Fact Regarding How Much Plaintiff Worked and How Much She was Paid

Plaintiff's motion rests upon two false premises: one factual and one legal. Plaintiff contends that there are no questions of fact regarding how much she worked or how much she was paid. The record is clear that those questions of fact exist as to the amount that plaintiff was paid (while defendants nevertheless acknowledge that there is no dispute as to the "minimum" number of hours that plaintiff worked).

Plaintiff's motion is also based on the false premise that a plaintiff is entitled to summary judgment based upon a recordkeeping deficiency. Defendants concededly did not maintain complete and accurate records in accordance with the requirements of the Fair Labors Standards Act and the New York Labor Law. But a recordkeeping deficiency is not proof of an overtime or minimum wage violation. Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 66 S. Ct. 1187 (1946). Instead, it shifts the burden of proof to establish the hours a plaintiff worked and (s)he was paid.

In Mt. Clemens, *supra*, the Supreme Court held that where the employer's records are inaccurate or inadequate, the employee has the burden to prove by way of just and reasonable inference that he in fact performed work for which he was improperly compensated. See Id. at 687. Once the employee has met his burden, the burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negate the reasonableness of the inference to be drawn from the employee's evidence. See Id. at 687-88.

In the framework of the foregoing, there is nothing in Mt. Clemens, *supra*, or its progeny which requires a jury to accept a plaintiff's version of events when an employer has kept inadequate records. See, Kuebel v. Black & Decker, Inc., 643 F.3d 352, 364-65 (2d Cir. 2011). Rather, the burden merely shifts to the employer to come forward with evidence to negate the

reasonableness of the inference to be drawn from the employee's evidence. Id.; Mt. Clemens at 687-88.

Therefore, where there are questions as to the credibility of defendants' proffered evidence within the Mt. Clemens burden-shifting framework—and vice versa—summary judgment is inappropriate. See e.g., Moreno v. 194 E. Second St. LLC, 10 Civ. 7458 (JMF), 2013 U.S. Dist. LEXIS 1706 at 3-4 (S.D.N.Y Jan. 4, 2013) (denying plaintiff's motion for summary judgment); Kubel, 643 F.3d at 364-65 (reversing grant of defendant's motion for summary judgment); Gunawan v. Sake Sushi Rest.,09 CV 5018 (ALC), 2011 U.S. Dist. LEXIS 96639 at 12 (S.D.N.Y. Aug. 26, 2011) ("the issue of wages paid for hours worked is essentially one of credibility, and for that reason it is inappropriate for resolution at the summary judgment stage"); Vasquez v. Ranieri Cheese Corp., No. 07 CV 464 (ENV) (VVP), 2010 U.S. Dist. LEXIS 29431 at *16 (E.D.N.Y. Mar. 26, 2010) ("Ultimately, whether the plaintiff's account is credible is a determination left to the fact-finder."); cf. Canela-Rodriguez, 2010 U.S. Dist. LEXIS 98884 at *2 (conflicting testimony as to hours worked must be resolved in favor of the non-moving party on a summary judgment motion). Since there are questions of fact regarding how much Mehanata paid plaintiff and how much she worked, Summary Judgment is inappropriate in this case.

*There are Questions of Fact Regarding What Mehanata Paid Plaintiff*

Defendants' evidence is more than sufficient to show triable fact questions. Plaintiff's motion is based upon vigorously contested facts, concerning both total hours worked and amounts paid. As to the amounts paid to plaintiff, the parties dispute whether Mehanata paid plaintiff more than the "house pay" varying between $3.00 and $3.50 per hour plus tips. While plaintiff claims that this was all that she was paid, defendants maintain that, in addition to these payments, that plaintiff was paid the statutory minimum wage at all times and the difference between the house pay and the minimum wage was paid to plaintiff in cash on a weekly basis in

the form of cash hourly wages, and that this was paid in addition to plaintiff's tips. This is explained in detail in the accompanying declaration of Mr. Dimitrov.

While he does not dispute his deposition testimony explaining that plaintiff's payroll records from ADP, together with the paychecks issued to her constituted plaintiff's "house pay" of $3.00 to $3.50 per hour, Mr. Dimitrov was not questioned on the issue of whether or not plaintiff was paid monies in addition to her house pay and her tips, and that information is now being provided in addition to his deposition testimony. Indeed, page "86" of Mr. Dimitrov's transcript explains that the ADP records are not the 'end all' and 'be all' as to the issue of how much plaintiff was paid.

The dispute is material; if Mehanata had only paid plaintiff the house pay and her tips, it would have violated both the Fair Labor Standards Act and the New York Labor Law. But since Mehanata always paid plaintiff at least the minimum wage there is no violation. This is true even if the Court concludes that Mehanata is not entitled to the tip credit.

Where plaintiff denies receipt of payment, defendant's testimony that the wages were paid creates a triable issue of fact. See e.g., Gunawan, *supra*, 2011 U.S. Dist. LEXIS 96639 at 12 (denying motion for Summary Judgment where plaintiff claimed he was paid $500 per month, but defendant testified he was paid $400).

*Damages are Inappropriate for Summary Judgment*

In her moving papers, plaintiff puts forth what she claims to be an audit of Mehanata's payroll records. The questions of fact regarding how much plaintiff worked and what she was paid renders plaintiff's damages "audit" moot. The audit completely ignores the disputed facts regarding what plaintiff was paid or how much she worked. It assumes that everything that plaintiff alleges is true, and everything that Defendants say is false. That assumption is incorrect and inappropriate on a motion for Summary Judgment.

Similarly, plaintiff's request for liquidated damages is inappropriate on a motion for Summary Judgment. In order for a Court to award liquidated damages, it must make a determination of willfulness. 29 U.S.C. § 260; <u>Reich v. Southern New Eng. Telcoms. Corp.</u>, 121 3d 58, 70-71 (2d Cir. 1997) (requiring a showing of subjective good faith and objective reasonableness); N.Y. Lab. Law §§198(1-a), 663(1); <u>Moon v. Kwon</u>, 248 F. Supp.2d 201, 235 (S.D.N.Y. 2002) (requiring a showing that an employer "knowingly, deliberately, or voluntarily disregarded its obligation to pay wages." wages). This inquiry into the employer's state of mind is not appropriate on a motion for Summary Judgment even if there was no dispute that the law had been violated. The question of willfulness is not properly determined at the summary judgment stage. <u>Moreno</u>, *supra*, 2013 U.S. Dist. LEXIS 1706 at 5 ("Because there is no basis to find as a matter of law that Defendant violated the FLSA, it follows that there is no basis to grant summary judgment on Plaintiffs claim that Defendant violated the FLSA willfully").

Under these principles, the Court should not grant summary judgment.

## **CONCLUSION**

It is apparent that there are material questions of fact that preclude Summary Judgment here. For the all the reasons set forth above Defendants respectfully request that this Court deny plaintiff's Motion for Summary Judgment and award Defendants their costs and attorneys' fees related to this motion and such other and further relief as this Court deems just and proper.

Respectfully submitted,

/s Marcus Aurelius Nussbaum
Marcus A. Nussbaum (MN-9581)

Dated: Brooklyn, New York
June 5, 2020